28 So.2d 650

## HARVILLE v. STATE.

2 Div. 745.

Court of Appeals of Alabama.
Dec. 17, 1946.

Rehearing Denied Jan. 7, 1947.

Wilkinson & Wilkinson, of Selma, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the April—May 1945 term of the circuit court, the grand jury returned an indictment against the above-named appellant wherein it was charged (1) that he did make, manufacture or distill alcoholic or spirituous liquors contrary to law, etc. (2) that he did manufacture, sell, give away, or have in his possession a still, or apparatus or appliance or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, contrary to law, etc.

Before entering upon the trial, in the court below, the court, upon motion of the solicitor, entered a nol pros as to count one of the indictment, and the case was tried upon count 2, which as above stated charged defendant with the offense of being unlawfully in possession of a still, etc. The trial resulted in a verdict of the jury finding the defendant guilty as charged in said count. He was so adjudged by the court, and his punishment fixed at imprisonment in the penitentiary for a period of two years. From the judgment of conviction duly pronounced and entered this appeal was taken.

582

. The corpus delicti was fully proven by the undisputed evidence, and the only controversial question of fact involved upon the trial was whether or not the defendant committed the offense as charged. On this question the State offered the testimony of two law enforcement officers and their testimony tended to show that at the time and place in question they were concealed in the bushes nearby and saw the defendant actively engaged in working, etc. at the still for a considerable length of time. It is not deemed necessary to set out in full the testimony of these two eye witnesses, and it is sufficient to say, that said evidence, if believed under the required rule, was fully sufficient to make out the State's case in its every aspect, as charged in the indictment. There was also other evidence adduced upon the trial which tended strongly to corroborate the evidence of the two State witnesses above referred to.

The defendant denied any participation in the commission of the crime charged, also denied all and every knowledge thereof. He offered other testimony tending to corroborate him.

As stated above, the single question involved in this case, was the identity of the perpetrator of the proven crime. But notwithstanding this, the record in the case is voluminous, covering more than 60 pages of the transcript. There were countless objections interposed, and innumerable exceptions reserved to the court's rulings; all of which have had our consideration as the law requires. It is clear to this court that the trial court committed no error in any of the rulings complained of. To the contrary it affirmatively appears that the court allowed the defendant every opportunity and great latitude in his effort to establish his plea to the effect that he was not the person who committed the offense, and also to create a reasonable doubt in the minds of the jury to that end.

The evidence for the State was ample to sustain the verdict of the jury, and to support the judgment of conviction pronounced and entered.

The defendant was not entitled to a directed verdict, hence there was no error in the action of the court in refusing the requested affirmative charges.

The record is free from error. None appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.